# Richmond.

## ASTON'S ADM'R v. KENDRICK AND ALS.

### DECEMBER 20th, 1894.

MARRIED WOMEN—*Exchange—Fraud—Relief—Case at bar.*—Previous to 1877, Mrs. K. owned land in fee, and she and her husband conveyed it to P., taking his bonds payable to K.; and the same day bought the "Cassell place," K. executing his bonds for the price, with P. and A. as sureties, the latter being privy to the fact that the sale and purchase were one transaction. P.'s bonds were assigned to A., who agreed to apply them to the Cassell purchase money, but instead, applied them to a debt due himself from K. The "Cassell place" was sold for the unpaid purchase money :

HELD :

1. The sale of Mrs. K.'s land did not amount to a conversion thereof into personalty, but the sale and purchase was one transaction, as to these parties, and constituted an exchange of lands.

2. K. owned a life estate in his wife's land whilst she was entitled to the reversion thereof.

3. The application of the bonds of P. to the debt due A. from K. instead of to the Cassell purchase money, was a fraud upon Mrs. K.'s right to the extent of the value of her reversion in her land, and the estate of A. is liable to her therefor.

Appeal from decree of circuit court of Washington county, rendered May 28, 1891, in a chancery cause wherein Mrs. M. E. Kendrick, by her next friend, was complainant, and W. H. Aston, administrator *de bonis non* of A. W. Aston, deceased, was defendant. The decree being adverse to the defendant, he appealed. Opinion states the facts.

*Daniel Trigg* and *Honaker & Huttin*, for appellant.

*Geo. W. Ward* and *J. S. Ashworth,* for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record that the complainant in the court below, M. E. Kendrick, was M. E. Price before her marriage to H. F. Kendrick, and inherited from her father, John W. Price, deceased, a tract of land in Washington county, of which she seized in fee as her maiden land, when she became the wife of H. F. Kendrick in the year ——, prior to 1887, in which, under the common law, her said husband acquired his marital rights. He was a merchant, of the firm of Kendrick & Aston, composed of H. F. Kendrick and A. W. Aston, having their place of business at Cedarville, in Washington county, some distance from the residence of the said H. F. Kendrick and his wife. There was a tract of land, known as the Cassell tract, belonging to the estate of Adam Cassell, deceased, situated near to Cedarville (the place of business of Kendrick & Aston), which was for sale, under the will of Adam Cassell. Mrs. M. E. Kendrick desired to sell her maiden land and to invest the proceeds in the purchase of this Cassell tract, so as to have a residence near Cedarville and convenient to her husband's place of business; in which wish and purpose her said husband, H. F. Kendrick, concurred. And accordingly she requested and instructed him, the said H. F. Kendrick, to sell her said tract of maiden land and to invest the proceeds of said sale in the purchase of the Cassell tract. To carry out this purpose and plan, she and her husband united in a sale of her said maiden land on the 28th of February, 1871, to William H. Price, the brother of Mrs. Kendrick, for $5,000, for which the said W. H. Price executed his three single bills of that date, payable to H. F. Kendrick at twelve, twenty-four, and thirty-six months, respectively. On that same day, viz, February 28, 1871, the Cassell tract was sold, and bought by the said H. F. Kendrick, for which he executed his three single

bills, with said W. H. Price and A. W. Aston as sureties, and payable to Samuel A. Cassell, executor of Adam Cassell, deceased, in equal instalments of $2,075 in twelve, eighteen, and twenty-four months. All these said transactions of sales and purchase were at her request and by her instructions, with the concurrence of her husband, H. F. Kendrick, to carry into effect their purpose aforesaid, as one transaction for the exchange of the said two tracts, her maiden land and the Cassell land. And they were all done with the privity and knowledge of the said Kendrick, W. H. Price, her brother, and of A. W. Aston, who was brother-in-law and partner of H. F. Kendrick, and all of them obligors on the bonds for the purchase money of the Cassell tract—W. H. Price being also the purchaser of Mrs. Kendrick's said maiden tract. The said H. F. Kendrick and wife made a deed conveying her maiden land to W. H. Price, but no deed was made for the Cassell tract. But Mrs. Kendrick took possession of the Cassell tract, and made improvements thereon; and she sold forty acres of it to E. V. Moore for $1,225 to pay (as she did pay therewith) the difference between the sale prices of her maiden land and the Cassell tract, to the executor of the Cassell estate.

The three bonds of W. H. Price for the purchase money of Mrs. Kendrick's maiden tract were transferred to A. W. Aston (one of the obligors on the bonds for the purchase of the Cassell tract), to be applied by the said transferee, A. W. Aston, to the discharge of the bonds for the Cassell tract, which bonds of W. H. Price for the maiden land were paid to A. W. Aston; but the said A. W. Aston did not, nor did his legal representative, apply the same to the payment of the bonds for the Cassell tract; but he applied them to the payment of the personal debts of H. F. Kendrick to himself. The Cassell tract not having been paid for, was subsequently sold for the default, and Mrs. Aston, the widow of A. W. Aston, became the purchaser.

A. W. Aston had died, and W. B. Aston became his admin-

istrator; and on the death of W. B. Aston, W. H. Aston (the appellant here) became administrator *d. b. n.*

This suit was brought by appellant, Mrs. M. Kendrick, by R. N. Price, her next friend, against Mrs. E. E. Aston (widow of A. W. Aston), W. H. Aston in his own right, and as administrator *d. b. n.* of A. W. Aston; the heirs of A. W. Aston, and H. F. Kendrick, for the conveyance to her of the Cassell land which Mrs. E. E. Aston bought at the last sale, or to have the proceeds of the sale of Mrs. M. E. Kendrick's maiden land refunded to her.

After various proceedings—demurrers sustained, and amended bills, answers and depositions, and master's reports, corrected and confirmed—the circuit court entered its final decree, that the complainant, M. E. Kendrick, recover of W. H. Aston, administrator *d. b. n.* of A. W. Aston, deceased, $2,441 30, with interest from 23d March, 1891 (the present value of the reversionary interest of Mrs. M. E. Kendrick in the proceeds of the sale of her maiden land), and that W. H. Aston, administrator *d. b. n.* of A. W. Aston, recover of H. F. Kendrick $2,441 30, with like interest; and that complainants recover costs.  From this decree this appeal is taken.

From the foregoing facts, disclosed in the record, it appears that the appellee, M. E. Price, was owner in fee of a tract of land, her maiden land, when she became the wife of H. F. Kendrick prior to 1877.  That she and he both desired to exchange this tract for the Cassell tract, convenient to his place of business, and to this end she instructed her husband, H. F. Kendrick, to sell her said maiden land and to invest the proceeds in the Cassell land.  That her said maiden land was sold to her brother, W. H. Price, on 28th of February, 1871, for $5,000, for which he gave his three bonds payable to H. F. Kendrick. On the same day (and as part of the same aim and end) the Cassell tract was sold, and was bought by H. F. Kendrick, her husband, according to agreement and instructions from her, for the price of $6,225, for which he executed his three bonds,

with W. H. Price and A. W. Aston as securities. It was in fact, and was so fully understood, that this was only an *exchange*, and that the maiden land of Mrs. M. E. Kendrick was to pay, *pro tanto*, for the Cassell land. A. W. Aston was privy to the transaction, and he was brother-in-law and partner in business with H. F. Kendrick and security on his bonds. H. F. Kendrick assigned the bonds of Price for the maiden land to A. W. Aston, amenable to the recognized equity of Mrs. M. E. Kendrick, and Aston took them with this knowledge; but instead of applying them to the payment of the Cassell land bonds, he applied them to the payment of a personal debt of H. F. Kendrick to himself, in fraud of Mrs. Kendrick's equity.

The court held rightly that A. W. Aston's estate is liable to her, and must refund to her the value of her reversionary interest in the proceeds of her maiden land.

The sale of Mrs. Kendrick's maiden land, under the circumstances detailed, does not, *ipso facto*, convert the proceeds into the absolute property of her husband, and make it liable to his debts either then existing or subsequently incurred. There was nothing in the mind of either Mrs. Kendrick or her husband contemplating a *conversion* of her land into personalty, but expressly the contrary. It was plainly the intent of both merely to effect an exchange or substitution of the Cassell land for her maiden land. And to this intent and endeavor A. W. Aston was a privy and one of the obligors on the purchase-money bonds for the Cassell land. The two sales were made *eo instanti* as parts of the same transaction, and amounted to an *exchange* as fully as if deeds had been mutually exchanged. The intent of all the parties to the transactions, fully proved by the direct evidence and by the circumstances, establishes simply a change of investment. The proof is conclusive that Mrs. Kendrick intended her land and its proceeds of sale for the purpose of investment in the Cassell land, to be and continue to be her realty. If her husband had intended aught

else, it would have been a fraud on her, which equity will not aid, either for the husband or for his creditors.

The decree appealed from is plainly right, and the judgment of this court is to affirm it.

DECREE AFFIRMED.